Robert Shanberg, guardian of Mark Richard Shanberg, Petitioner *v.* Commonwealth of Pennsylvania, Secretary of Education and Pennsbury School District, Respondents.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Lawrence W. Saltzman, Kaplan and Saltzman,* for petitioner.

*Ernest N. Helling,* Assistant Attorney General, with him *Nancy K. Matlowski,* Acting Chief Counsel, for respondent, Department of Education.

*Paul L. Stevens,* of counsel, *Curtin and Heefner,* for respondent, Pennsbury School District.

OPINION BY JUDGE CRAIG, March 9, 1981:

Robert Shanberg (petitioner) appeals from an order of the Secretary of Education which adopted and modified recommendations of a hearing examiner and approved the placement by Pennsbury School District (school district) of petitioner's physically handicapped son, Mark, into the regular education program at Pennsbury Senior High School, commencing with the 1979-80 school year.

During the 1975-1976 through 1977-1978 school years, the school district had mainstreamed[1] Mark, who is speech impaired and a paraplegic confined to a wheelchair, into the regular education program at Charles Boehm Junior High School (Boehm), and had also devised an Individualized Education Program for Mark which provided support services such as adaptive physical education for his upper extremities and

---

[1] 22 Pa. Code §13.9 requires school districts to place an exceptional child into a regular class program if the child can profit by such a placement.

physical therapy for his lower extremities. Moreover, Mark participated in "special materials" courses for students with reading problems, a handwriting program and an itinerant speech program.

After receiving the school district's proposal that Mark be placed at the high school, petitioner challenged the placement by requesting and receiving a program placement conference and due process hearing before a hearing examiner pursuant to Department of Education regulations at 22 Pa. Code §13.33.

The hearing examiner's report concluded that Mark suffered from multiple physical handicaps and was entitled to special education and related services. He also recommended that Mark remain at Boehm Junior High School. The school district filed exceptions to the report, and the Secretary issued the order which is the subject of this appeal.

Here petitioner contends that the educational plan developed for Mark does not make the best use of his abilities. However, the school district is not required to devise a program of education which makes the best use of a student's abilities. Instead, the school district must only identify exceptional children and develop educational programs appropriate for the needs of each child. *See Savka v. Department of Education*, 44 Pa. Commonwealth Ct. 62, 403 A.2d 142 (1979).

Because the Secretary found the regular education program to be appropriate for Mark, our scope of review is limited to determining whether the record contains substantial evidence to support that finding, or whether constitutional rights have been violated. *West Chester Area School District v. Secretary of Education*, 43 Pa. Commonwealth Ct. 14, 401 A.2d 10 (1979).

Before the hearing examiner, the school district presented the testimony of various professional personnel which supported the appropriateness of the school district's proposed educational plan for Mark.

Although they conceded that Mark's work was somewhat below his potential, they attributed his problems to his physical handicaps and not to any learning disabilities.

Petitioner has alluded to the possible existence of other handicaps which may have contributed to Mark's academic difficulties, but he failed to produce any evidence to support a finding that Mark should be classified as anything other than physically handicapped. Thus, we are convinced that the district's program of education is appropriate for Mark.

Petitioner, who appeared pro se before the hearing examiner, also contends that the Secretary denied him due process of law by striking from the record all statements of an evidentiary nature made by petitioner. We cannot agree that due process was thereby denied.

Due process requires that cross-examination be afforded in administrative agency hearings. *A. P. Weaver & Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1971). However, when the district's counsel attempted to cross-examine the petitioner as to evidentiary statements he made, the petitioner stated that he had not been sworn as a witness and that his appearance at the hearing was only as that of an advocate. With that statement, he refused to subject himself to cross-examination by the school district's counsel. Thus, the Secretary acted properly by striking his evidentiary statements from the record.

Accordingly, we affirm the decision of the Secretary.

ORDER

AND Now, March 9, 1981, the order of the Secretary of Education dated December 13, 1979, is hereby affirmed.