**STUDENT DOE**

v.

**COMMONWEALTH OF PENNSYLVA-NIA, et al.**

Civ. A. No. 84–0472.

United States District Court, E.D. Pennsylvania.

March 30, 1984.

Doris Applebaum, Bensalem, Pa., for plaintiff.

David M. Donaldson, Deputy Atty. Gen., Philadelphia, Pa., for Com. of Pa., Robt. C. Wilburn.

James M. McMaster, Newtown, Pa., for Bensalem Tp. School Dist.

MEMORANDUM

O'NEILL, District Judge.

Plaintiff, a high school student in Bensalem Township, Bucks County, Pennsylvania, brought this action for injunctive relief "pro se" challenging the constitutionality of the procedure by which she was classified as unqualified for "110 GT Communications 1", a special communications class for gifted students.[1] Plaintiff claims her classification, accomplished through the use of a standardized test, violated the equal protection and due process clauses of the Fifth and Fourteenth Amendments because the classification restricts her educational opportunities in an arbitrary or unfair way. The Commonwealth of Pennsylvania's Department of Education, Robert C. Wilburn, Secretary of Education, and the Bensalem Township School District are defendants. The Commonwealth and Mr. Wilburn have filed Motions to Dismiss.

In her response to the motions, plaintiff makes it clear that she asserts only the Fifth and Fourteenth Amendments to the United States Constitution and certain clauses of the Pennsylvania Constitution as the bases for her action. The complaint does not refer to 42 U.S.C. § 1983 or any other federal statute and must, therefore, be evaluated as an action only for violation of the cited constitutional provisions.

■ The complaint will be dismissed insofar as it asserts a violation of the Fifth Amendment, because the due process clause of that amendment applies only to federal action. Furthermore, insofar as the complaint requests relief for actions taken by the state or state officials in violation of the state constitution it is barred by the Eleventh Amendment. *Pennhurst State School and Hospital v. Halderman,* — U.S. —, —, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). Plaintiff asserts that her state claims are not barred because they are "procedural." It is unclear exactly what she means by this assertion. How-

ever, she does argue that the state constitution and the decisions of state courts thereunder establish the right to education as fundamental and, therefore, that this Court must strictly scrutinize any action affecting that right. There is, however, no "fundamental right" to education under the United States Constitution. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35–36, 93 S.Ct. 1278, 1297–1298, 36 L.Ed.2d 16 (1973). This right exists only by virtue of state law and must be enforced against state officials in state courts. *Pennhurst State School and Hospital v. Halderman, supra,* — U.S. at —, 104 S.Ct. at 919.

■ There remains plaintiff's cause of action under the Fourteenth Amendment. The Commonwealth of Pennsylvania and its Department of Education are not amenable to suit in this court under the Fourteenth Amendment. *Fitts v. McGhee,* 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899). The Eleventh Amendment bars action against the State without its consent, regardless of whether the action is for monetary or equitable relief. *See Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982).

■ It is possible to sue a state official as an individual for injunctive relief against an unconstitutional action by that official. *Pennhurst State School and Hospital v. Halderman, supra,* — U.S. at —, 104 S.Ct. at 908; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Since plaintiff alleges that defendant Wilburn, as secretary of education, promulgates criteria for "admission, assignment or scheduling to 110 G.T. Communications 1", which criteria are alleged to violate plaintiff's rights to equal protection and due process, the Eleventh Amendment does not require the Court to dismiss the complaint against him. Nor is the claim against Bensalem Township School District barred by the Eleventh Amendment. *Travelers Indemnity Company v.*

---

**1.** Plaintiff's next friend and guardian, who signed the complaint, apparently is an attorney licensed to practice in Pennsylvania.

*School Board of Dade County,* 666 F.2d 505 (11th Cir.1982) *cert. denied,* 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 74. However, the claim against Wilburn and the Township School District should have been brought under 42 U.S.C. § 1983, rather than under the Fourteenth Amendment. When a statutory vehicle for asserting one's constitutional rights exists, that vehicle should be used. But even if the complaint were amended to allege § 1983 as a basis for jurisdiction, plaintiff's complaint would have to be dismissed. The Equal Protection Clause forbids only arbitrary classifications. If the disputed classification affects a fundamental right or is an inherently suspicious classification, like race, the Court must strictly scrutinize the classification. Furthermore, some classifications, like those based on sex, are of such a nature as to require that the state show that the classification is substantially related to the statutory objective. *Craig v. Boren,* 429 U.S. 190, 204, 97 S.Ct. 451, 460, 50 L.Ed.2d 397 (1976). On the other hand, if no suspect classification is used and no fundamental right is affected, the classification need only be based "upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy...." *Allied Stores v. Bowers,* 358 U.S. 522, 530, 79 S.Ct. 437, 442, 3 L.Ed.2d 480 (1958). In the present case, since the testing procedure does not use a suspect classification and since education is not a fundamental federal right, the "rational relation" test must be applied. The testing procedure challenged by plaintiff used a minimum cutoff score on a standardized aptitude test to qualify students for special classes, a method which is rationally related to the objective of identifying gifted children. This method may not be perfect, indeed it may not be the best method available, but the Court is unable to conclude that it is a method that cannot reasonably be used. Nothing more is required to pass constitutional muster under the Equal Protection Clause. Similarly, because the disputed procedures bear a rational relation to a legitimate purpose, the plaintiff's classification does not violate "substantive" due process.

 The Commonwealth of Pennsylvania has created an entitlement to public education for persons in plaintiff's general class. PA. CONST. art. 3, § 14. Therefore, plaintiff is entitled to due process before being deprived of that right. *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). However, even if this entitlement includes an entitlement to specific classes, a dubious assertion, *see Lisa H. v. State Board of Education,* 67 Pa. Commw. 350, 447 A.2d 669 (1982), plaintiff admits that she has failed to exhaust the administrative remedies provided by the Commonwealth. She cannot claim that she was denied procedural due process when she has not pursued the remedies available to her.

For the foregoing reasons, plaintiff's Complaint will be dismissed.