Centennial School District, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and Robert C. Wilburn, Secretary of Education, Respondents.

Argued April 8, 1985, before Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*John Philip Diefenderfer, Stuckert, Yates & Krewson,* for petitioner.

*Mary Beth O'Hara Osborne,* for respondents.

*Thomas E. Coval, Clover & Coval,* for intervenor/respondents, Richard and Judy Auspitz.

*William Fearen,* with him, *Michael I. Levin,* for amicus curiae, Pennsylvania School Boards Association.

*John D. Killian, Killian & Gephart,* for amicus curiae, Pennsylvania Association for Gifted Education.

OPINION BY JUDGE PALLADINO, January 31, 1986:

The Centennial School District (District) appeals from an order of the Secretary of Education (Secretary) which requires the District to provide an appropriate individualized education program (IEP) for an exceptional student, Terry Auspitz, who is mentally gifted. We affirm.

Terry is presently eleven years old and resides with his parents in the District. In October of 1981, the District developed an IEP for him, recommending that he be placed in a regular third grade class and that he participate in the District's program for mentally gifted students. The program provided by the District is one of enrichment rather than one of accelerated instruction in academic subject areas.

Terry's parents disapproved of this recommendation, on the ground that, in addition to the enrichment program Terry should receive individual instruction at his advanced instructional levels in reading and mathematics. Because the District and Terry's parents could not agree on an appropriate IEP, the parents requested a due process hearing, pursuant to 22 Pa. Code §13.32.

The hearing was held in September of 1982, after which the hearing officer determined that Terry was a mentally gifted student whose academic abilities were

several years beyond his chronological age expectations, that Terry's class performance had been inconsistent, that Terry was not a learning disabled student, and that he is not emotionally disturbed although his social-emotional development was more consistent with his chronological age than his intellect.

On the basis of these findings, the hearing officer recommended that a new IEP be developed for Terry, to include instruction in academic areas at Terry's present educational levels as determined by standardized testing, informal teacher assessment, and classroom performance. Also, as part of the IEP, goals and objectives in all areas of education were to be formulated in order to meet Terry's individual needs regardless of whether such objectives are part of the regular education curriculum.

The hearing officer recommended further that Terry should continue to participate in the District's enrichment program and that he receive academic instruction within the regular educational setting of his elementary school, albeit at levels consistent with his IEP, in order that his education could be conducted in the least restrictive environment. The hearing officer concluded that an age-appropriate program was essential to Terry's overall development and that, accordingly, his grade placement should not be accelerated but, rather, individualized instruction should be provided for him within an age appropriate class setting.

The District filed exceptions to the hearing officer's decision with the Secretary of Education, pursuant to 22 Pa. Code §13.32(24). The Secretary dismissed the exceptions, adopted the findings of fact and conclusions of law set forth by the hearing officer, and affirmed the hearing officer's recommendations regarding an appropriate IEP for Terry.

On appeal to this Court, the District contends that the Secretary erred by allegedly limiting his review of the hearing officer's factual findings to a determination of whether or not they were supported by substantial evidence. The District also argues that, as a matter of law, it cannot be required to provide more instruction for mentally gifted students beyond the already approved program of enrichment that it presently provides, absent a showing of unique and compelling circumstances.

Initially, we note that we must affirm the order of the Secretary unless a violation of constitutional rights has occurred, an error of law has been committed, or findings of fact are not supported by substantial evidence. *Pires v. Department of Education,* 78 Pa. Commonwealth Ct. 127, 467 A.2d 79 (1983).

Addressing the District's first allegation of error, we begin by recognizing that the hearing examiner is only a designee of the Secretary, charged with the responsibility to conduct a hearing, hear evidence, make findings, and submit a proposed report to the Secretary concerning the disposition of a case. *Fitz v. Intermediate Unit 29 and Blue Mountain School District,* 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979); *see also* 1 Pa. Code §§35.185, .187, .205. The proposed report of the hearing officer is a final order of the agency unless it is appealed to the Secretary, who then issues a decision and order which becomes the final order. *See* 1 Pa. Code §35.226. In a case such as the one presented here, where there is no statutory requirement that the agency head is bound by the decision of the hearing examiner, the Secretary is free to make his own findings and determination subject to review by this Court. *Fitz,* 43 Pa. Commonwealth Ct. at 376, 403 A.2d at 141.

By arguing that the Secretary improperly reviewed the hearing officer's decision under the substantial

evidence standard,[1] the District contends, in effect, that the Secretary was unaware of the extent of his adjudicative powers and that he committed a procedural error by unnecessarily restricting the scope of his review. Our examination of the record and of the Secretary's decision and order, however, proves to our satisfaction that such was not the case. Rather, as clearly stated in his order, the Secretary adopted the findings of fact and conclusions of law which were proposed by the hearing officer, and he accepted the hearing officer's recommendations regarding an appropriate IEP for Terry.

Admittedly, the Secretary did express his opinion that there is substantial evidence of record to support the factual findings made by the hearing officer. A close reading of the Secretary's discussion of the facts, however, indicates that the Secretary adopted the hearing officer's findings because his independent examination led him to conclude that those findings were correct, and not merely because there was substantial evidence to support them. As was aptly stated by the Superior Court of Pennsylvania, "the findings of an administrative body shall not be set aside unless the record clearly precludes the decision of the administrative body from being justified by a fair estimate of the worth and testimony of witnesses or its informed judgment on matters within its special competence or both." *Symons v. National Electric Products, Inc.,* 201 Pa. Superior Ct. 27, 192 A.2d 897 (1963), *aff'd,* 414 Pa. 505, 200 A.2d 871 (1964). Accordingly, because the record in the case at bar shows that the

---

[1] "Substantial evidence" is the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the fact finder, might accept as adequate to support the conclusion reached. *Silvia v. Pennhurst Center, Department of Public Welfare,* 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981).

Secretary adopted the proposed findings of fact only after a thorough and studied consideration of all the evidence of record, we find that the Secretary did not improperly restrict the scope of his review of the hearing officer's determination.

Turning to the second issue raised by the District, regarding the extent to which the District can be required to provide individualized educational programs for gifted students, we begin by noting that gifted and talented students are considered to be "exceptional persons," as that term is defined in 22 Pa. Code §13.1(ii).[2] *Lisa H. v. State Board of Education,* 67 Pa. Commonwealth Ct. 350, 447 A.2d 669 (1982). It is well settled that a school district is not required to devise an educational program which makes the best use of each student's abilities, but only to identify exceptional children and develop educational programs appropriate to their particular needs. *Id.; Shanberg v. Secretary of Education,* 57 Pa. Commonwealth Ct. 384, 426 A.2d 232 (1981).

An "appropriate program" is defined in 22 Pa. Code §13.1 as:

---

[2] This section provides, in pertinent part, as follows:

Exceptional persons—Persons of school-age who deviate from the average in physical, mental, emotional, or social characteristics to such an extent that they re-- quire special educational programs, facilities, or services and shall include all school-aged persons in detention homes and state schools and hospitals.

. . . .

(ii) Gifted and talented school-aged persons—Those who, in accordance with criteria prescribed in standards developed by the Secretary of Education have outstanding intellectual or creative ability, the development of which requires special activities or services not ordinarily provided to regular children by local educational agencies.

. . . .

A program of education or training for exceptional school-aged persons which meets their individual needs as agreed to by a parent, school district, or intermediate unit personnel; or as ordered by a hearing officer; or upon appeal as ordered by the Secretary of Education.

*See also Murphy v. Department of Education,* 74 Pa. Commonwealth Ct. 499, 460 A.2d 398 (1983). It is thus apparent that the Secretary is ultimately responsible for determining what educational program is "appropriate" for an individual child, in the absence of an agreement to that effect between the child's parents and the school district in which the child resides. It is also clear that the determination of whether or not a program is appropriate depends upon how well the program satisfies the recognized needs of the individual child.

In the case at bar, the Secretary adopted the hearing officer's recommendations as to what constituted an appropriate IEP for Terry. Having reviewed the very comprehensive record, which contains hundreds of pages of testimony elicited from numerous expert witnesses, from Terry's teachers, and from Terry's parents, we conclude that there is substantial evidence to support all of the necessary findings made regarding this issue.

Specifically, the fact that Terry is a mentally gifted student is supported by the testimony of all the witnesses and, indeed, it is not disputed by the District. Also, the testimony of the District's psychologist and of Terry's teachers supports the Secretary's finding of a disparity between Terry's intellectual abilities and his classroom performance. The testimony of the psychological experts presented by Terry's parents supports the Secretary's conclusion that this discrepancy is the result of boredom and frustration on the part of Terry, whose intellectual development greatly

exceeds his emotional and social development. The Secretary determined that the imbalance between Terry's capabilities and his performance could best be rectified by providing Terry with an IEP which includes individualized instruction within an age-appropriate class setting; this finding is supported by substantial evidence in the form of testimony by the parents' experts, who considered it necessary to Terry's emotional and social development that he remain with other children of his own age, while receiving instruction in academic areas commensurate with his intellectual abilities. The finding is also supported by the testimony of Terry's second grade teacher, who indicated that Terry exhibited a need for individualized instruction in order to raise his classroom performance to acceptable levels.

As for whether the IEP prescribed by the Secretary is in accordance with the law, we note that 22 Pa. Code §341.15, which sets forth the elements of an IEP, requires that the IEP include a statement of the specific educational services that are to be provided to the child, including a "description of all special education and related services required to meet the unique needs of the child. . . ." Moreover, 22 Pa. Code §13.22 specifies that "[c]urricula for gifted and talented school-age persons shall be conducted in accordance with standards established by the Secretary and shall include provisions for . . . (3) Amount of supervision and special teaching, determined by the type and degree of mental abilities or talents." In approving an IEP for Terry, the Secretary acted in accordance with the above regulations and with the underlying requirement that exceptional children be given an appropriate education, designed to address their individual needs.

While the Secretary recognized that the Department of Education has approved the District's enrichment program for gifted children, he further noted

that the existence of an approved special education program does not mean that the program is necessarily appropriate for all students within a particular exceptionality, or that individual modifications of the program may not be necessary to meet individual needs. Accordingly, the Secretary held that the existence of an approved program does not vitiate the District's duty to provide an appropriate education for exceptional students, whether they be mentally or physically handicapped or mentally gifted.

This Court has held that, if a regulation of an administrative agency is consistent with the statute under which it is promulgated, the agency's interpretation of that regulation is entitled to controlling weight except where the interpretation is clearly erroneous or inconsistent with the regulation. *Lisa H.*, 67 Pa. Commonwealth Ct. at 357, n.6, 447 A.2d 673, n.6. In the instant case, because the Secretary's construction and application of the above regulations are consistent with the plain meaning of those regulations, we find that the Secretary's determination of what constitutes an appropriate IEP for Terry is in accordance with the law.

Since there is substantial evidence to support the findings made by the Secretary, and because he committed no errors of law in rendering his decision, we affirm the Secretary's decision and order.

### ORDER

AND Now, January 31, 1986, the order of the Secretary of Education, entered on April 11, 1984 as Special Education Opinion No. 229, is affirmed.

Judge ROGERS did not participate in this decision.