512 A.2d 790

Scott S., a minor, by Peter and Winifred S., his Parents and Guardians, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued June 11, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, BARRY and COLINS.

*Janet F. Stotland,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief Litigation Section, *Ernest Helling,* Legal Division Attorney, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

*W. Mark Mullineaux,* with him, *Frank L. White, Jr., Duane, Morris & Heckscher,* for intervenor as a matter of right, Tredyffrin/Easttown School District.

*Paul L. Stevens;* of Counsel: *Curtin and Heefner,* for Amicus Curiae, Pennsylvania Association for Gifted Education (P.A.G.E.).

OPINION BY JUDGE CRAIG, July 18, 1986:

Scott S. and his parents, as petitioners, appeal from an order of the Secretary of Education rejecting a hearing officer's recommendation that Scott's individualized educational program (IEP) include a classroom-taught calculus course. The Secretary of Education's order determined that the Tredyffrin/Easttown School District's

1984-85 school year IEP proposal for Scott, who is mentally gifted, was appropriate. We affirm.

During the summer of 1984, the school district had developed an IEP for Scott. That program provided for enrollment in various honors courses and advanced placement courses but did not include a mathematics course. There is no dispute that Scott's particular aptitude is in mathematics. However, the school district had accelerated Scott through its mathematics program, at his parents' request, to the extent that he had completed the school district's final and most advanced mathematics course, B.C. Calculus, in his sophomore year. He received a B grade in that course.

After receiving the school district's proposal for Scott, which did not include a mathematics course, his parents challenged the appropriateness of that program and requested a due process hearing before a hearing officer pursuant to Department of Education regulations, 22 Pa. Code §13.33. Pending the outcome of that due process hearing, the parents enrolled Scott in the Young Scholars Program at the University of Pennsylvania, where he participated in a calculus program at the cost of $200 a semester, plus books.

On October 15, 1984, a due process hearing was held before a hearing officer. The petitioners limited their challenge of the school district's IEP proposal to the extent that it did not include a mathematics course. The parents asserted that an appropriate IEP had to include an advanced level mathematics course, beyond B.C. calculus, in a classroom setting. They requested that the school district either provide that class or reimburse them for the cost of the college calculus course. The school district asserted that Scott's acceleration in mathematics had been to the detriment of his other course work, and that the proposed IEP was appropri-

ate. Further, the school district refused to reimburse the parents for the cost of the college course.

On November 7, 1984 the hearing officer recommended that the school district's IEP proposal be modified to include a classroom-taught calculus course, and that the school district was not responsible for the cost of Scott's college calculus course. The school district filed exceptions to that recommendation. The Secretary of Education issued an order rejecting the hearing officer's determination that an IEP without a mathematics course was inappropriate.

The issue is whether substantial evidence supports the Secretary of Education's determination that the school district's 1984-85 school-year IEP proposal for Scott was appropriate.[1]

Because the school district has graduated Scott since the initial challenge to the 1984-85 school-year IEP proposal, this case is undeniably moot. However, because this case involves an important question affecting the public interest which could otherwise escape review repeatedly, this court's determination is to decide this appeal nevertheless. *Peters Township School District v. Peters Township Federation of Teachers*, 93 Pa. Commonwealth Ct. 227, 501 A.2d 327 (1985).

Gifted and talented students are "exceptional persons", as defined in 22 Pa. Code §13.1(ii). Regarding the extent to which the school district can be required to provide individualized educational programs for gifted students, this court has repeatedly stated that "a school district is not required to devise an educational program which makes the best use of each student's abilities, but only to identify exceptional children and

---

[1] We must affirm the Secretary's order unless a violation of constitutional rights has occurred, an error of law has been committed, or findings of fact are not supported by substantial evidence. *Centennial School District v. Pennsylvania Department of Education*, 94 Pa. Commonwealth Ct. 530, 503 A.2d 1090 (1986).

develop educational programs appropriate to their particular needs." *Centennial School District v. Department of Education*, 94 Pa. Commonwealth Ct. 530, 503 A.2d 1090, 1094 (1986).

The definition of "appropriate program" is found in 22 Pa. Code §13.1:

A program of education or training for exceptional school-aged persons which meets their individual needs as agreed to by a parent, school district, or intermediate unit personal; or as ordered by a hearing officer; or upon appeal as ordered by the Secretary of Education.

Because the determination of whether a program is appropriate depends upon how well the program satisfies the gifted child's needs, in the absence of an agreement between that child's parents and the school district, the Secretary of Education is ultimately responsible for that determination. *Centennial School* at 537, 503 A.2d at 1094.

Petitioners have asserted throughout the proceedings that an IEP for a gifted student with exceptional ability in mathematics which did not provide for math instruction could not be appropriate. The Secretary of Education, in expressly disagreeing with that assertion, relied on the following evidence to support her determination that the school district's IEP proposal was appropriate: (1) The school district's director of student services testified that Scott had been taking mathematics courses to the detriment of other courses, and that the IEP proposal addressed his total educational program: (2) the school district's supervisor of mathematics stated that the school district had accelerated Scott "too far and too fast" in mathematics, pointing to his past two mathematics grades of B and C respectively; (3) his mathematics teachers testified that he lacked interest, motivation and enthusiasm in his mathematic courses;

and (4) the guidance counselor testified that the IEP proposal placing Scott in the honors science courses provided him with the opportunity for quantitative application of his mathematical skills, and the proposed computer courses constituted an important preparatory aspect for a career in mathematics. We conclude that the school district's evidence substantially supports the Secretary's determination that the IEP proposal was appropriate even though it did not contain a mathematics component.

Petitioners assert that the Secretary's determination, that a gifted curriculum is to be adapted from regular curriculum, is contrary to the provision in 22 Pa. Code §341.1(iv) requiring school districts to provide gifted students with "special activities or services not ordinarily provided in the regular program." They assert that this regulation clearly establishes that gifted children have educational needs that cannot be met if they are limited to those programs available to regular education youngsters. However, the school district complied with that regulation by providing Scott with an accelerated math program—including a senior high school program during junior high school as well as enrolling him in a senior class during his sophomore year—involving "activities or services not ordinarily provided in the regular program."

Finally, petitioners challenge the Secretary's rejection of the hearing officer's recommendation that, if the school district provided further mathematics instruction, the instruction had to be in a classroom setting. Although both parents expressed a preference for classroom instruction because of the difficulty Scott experienced in ninth grade with an independent mathematics study program, the Secretary correctly concluded that such preference did not establish that appropriate mathematics instruction had to be in a classroom setting.

Accordingly, we affirm the Secretary of Education's decision that the school district's IEP proposal was appropriate.

ORDER

Now, July 18, 1986 the decision of the Secretary of Education, Special Education Opinion No. 250, dated March 5, 1985, is affirmed.