Robert F. KORPICS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 2003.

Decided Oct. 20, 2003.

---

Richard J. Orloski, Allentown, for petitioner.

Clifford F. Blaze, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

At issue in this case is the question of whether Robert F. Korpics' (Claimant) demotion constituted necessitous and compelling reasons for quitting his job. Claimant appeals from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision to deny benefits on the basis Claimant had quit his job without such reasons in violation of Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b) ("an employe shall be ineligible for compensation for any week ... (b)[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature ...").

Claimant had been employed by Mauer & Scott (Employer) as a supervisor. Employer is in the business of storing explosives and conducting blasting operations. Claimant was responsible for inventory control and supervising the day shift drivers. Sometime after January 2002, Employer determined that it was paying too much in overtime for truck drivers because Claimant was not supervising the day shift drivers effectively. On October 24, 2002, Employer advised Claimant that he was being removed from his supervisory position on the day shift and he was offered a position with the night shift. The duties for both shifts were similar, but the night shift did not involve supervisory responsibility for the drivers, but instead for the manual laborers. Initially, Claimant was proffered a lower salary for the night shift position. He rejected the demotion on October 24, 2002. The following day, he reported to collect his personal belongings and Employer again discussed the position with him and offered Claimant his full salary. Claimant indicated that he would accept the position. However, he did not

report to work on October 27th, his first day for the new assignment and, by so doing, effectively terminated his employment at that time because he found it demeaning and because "it would affect his family life." (Referee's Finding of Fact 8).

The referee noted that the reason for the demotion was Claimant's inadequate supervisory skills vis a vis the drivers, observing that he had previously been advised of this weakness in his performance, but had not remedied it. She opined that Employer had shown that the demotion was justified. She also stated that it was the change in shift that caused Claimant to refuse the job, and stated that he had not shown that the change in hours made the job unsuitable. Thus, she concluded that Claimant had not shown necessitous and compelling reasons for his quit. Claimant appealed and the Board affirmed. A further appeal to this Court ensued.

On appeal here, Claimant asserts that his quit was justified due to the reduction in pay and because it would interfere with his availability to care for his 15 year old daughter.[1]

■ Where a case concerns a voluntary quit, in order to obtain unemployment benefits, the claimant has the burden to show that the quit was for necessitous and compelling reasons. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). Our Supreme Court has refined this test in circumstances where the quit was precipitated by a demotion, specifically stating that "[t]he existence of a necessitous and compelling reason in [a case where the employee was demoted] depends *solely* upon whether the demotion was justified ..." *Allegheny Valley School v. Unemployment Compensation Board of Review*, 548 Pa. 355, 358, 697 A.2d 243, 244 (1997) (emphasis added); *see also Charles v. Unemployment Compensation Board of Review*, 764 A.2d 708 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 566 Pa. 649, 781 A.2d 148 (2001). The Court observed, in *Allegheny*, that this result is supported by public policy; because an employer can demote an employee for valid reasons, to require an examination of a factor other than the justification for the demotion would result in employers never demoting employees for fear of being subject to claims for benefits. "Such a chilling effect on valid demotions would have the undesirable effect of employers leaving incompetent people in positions they are incapable of performing." *Id.* at 366, 697 A.2d at 248.

■ In the matter *sub judice*, the referee found, and the record supports, that Claimant had difficulty supervising the drivers on the day shift and that such a failure caused Employer to pay unnecessary overtime wages, to Employer's detriment. Employer's decision to remove that supervisory authority from Claimant was,

1. Our scope of review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or whether the factual findings are supported by substantial evidence. *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042 (Pa. Cmwlth.2002). Substantial evidence is that which a reasonable mind, "without weighing the evidence or substituting its judgment for that of the fact finder, might accept as adequate to support the conclusion reached." *Centennial School District v. Department of Education*, 94 Pa.Cmwlth. 530, 503 A.2d 1090, 1093 n. 1 (1986), *affirmed*, 517 Pa. 540, 539 A.2d 785 (1988). In an unemployment compensation case, the Board is the ultimate fact finder and is empowered to make credibility determinations. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). In making those determinations, the Board may accept or reject the testimony of any witness in whole or in part. *Greif v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 437, 450 A.2d 229 (1982).

therefore, justified. Consequently, Claimant did not, as a matter of law, meet his burden to show necessitous and compelling reasons for his quit in lieu of accepting the demotion.[2]

For this reason, in accordance with *Allegheny*, the order of the Board is affirmed.

### ORDER

**NOW,** October 20, 2003, the order of the Unemployment Compensation Board of Review in the above captioned matter is hereby affirmed.

---

2. Claimant attempts to show that he had necessitous and compelling reasons for quitting, despite the fact that Employer showed that the demotion was justified. Although, under *Allegheny*, once it is established that the demotion is justified, further inquiry no longer appears to be relevant, we briefly address Claimant's arguments that he quit because of the reduction in his salary and because he needed to care for his fifteen year old daughter.

First, contrary to Claimant's assertions, the record shows that he did not ultimately receive an offer that involved a reduction in pay. Therefore, even if the demotion had been unjustified, this factor could not serve to meet his burden to show necessitous and compelling reason for this quit.

Claimant also asserts that the night shift position interfered with his ability to care for his daughter. The record shows that Claimant was divorced, but could see his daughter whenever he wanted. (N.T. 8). The daughter lives with his ex-wife in Hopewell Junction, New York and Claimant lived, at the time, in Emmaus, Pennsylvania. The ex-spouses would meet in Milford, Pennsylvania, which was a two-hour drive for Claimant. He would pick his daughter up at about 6:00 p.m. on Friday nights and return her at about the same time on Sunday nights. However, the night shift hours were approximately 7 p.m. to 7 a.m. Sunday night through Thursday night. While we agree that the night shift would have impacted on the pick up time Sunday night, there is nothing to show that Claimant made any effort, whatsoever, to work out any other arrangements. *See, e.g., Trexler v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 180, 365 A.2d 1341 (1976) (to show good cause for a quit a claimant must exhibit good faith in attempting to secure child care). Thus, even if, in the context of this demotion case, a child care argument were relevant, on the facts here, Claimant has not met his burden.