Mary E. JEHRIO, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2005.

Decided Jan. 20, 2006.

John J. Ferry, Jr., Palmyra, for petitioner.

Maryfrances T. Cooper, Harrisburg, for intervenor, Hershey Entertainment and Resorts Company.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Mary E. Jehrio (Claimant) petitions for review of the decision and order (Decision) of the Unemployment Compensation Board of Review (Board) which affirmed but modified the referee's grant of partial benefits by Hershey Entertainment and Resorts Company (Employer) pursuant to Sections 401, 4(u) and 404(d) of the Unemployment Compensation Law (Law).[1]

Claimant was also assessed a non-fault overpayment under Section 804(b) of the Law.[2]

The facts found by the Board are as follows:

1. The claimant is employed with the Hotel Hershey as a full time banquet server.

2. The only week at issue is claim week ending February 19, 2005.

3. A regular full time workweek for the claimant consists of eight banquet functions.

4. Work was slow during the claim week at issue.

5. During the week ending February 19, 2005, the claimant was available for work on six days, February 13 through February 18, 2005; the claimant requested a paid vacation day for February 19, 2005.

6. The claimant needed the vacation day to attend a wedding.

7. The employer approved the claimant's request for a vacation day for February 19, 2005, and the employer paid the claimant for eight hours of vacation at a rate of $6.50 per hour for a total of $52.00 for this day.

8. The claimant worked 7.33 hours on February 18, 2005 and the claimant earned $30.34 in wages plus $173.68 in gratuity.

9. Banquet servers who worked on February 19, 2005 were paid $32.50 in wages and $186.00 in gratuity for the banquet functions on that day.

10. The claimant established an unemployment compensation benefit year effective January 23, 2005 and the claimant was determined to be

---

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. §§ 801, 753(u), 804(d).

**2.** 43 P.S. 874(b).

financially eligible for unemployment compensation benefits with a weekly benefit rate of $478.00 and a partial benefit credit of $192.00.

11. The claimant filed a claim for week ending February 19, 2005 and the claimant was determined eligible for partial benefits in the amount of $414.00, less $10.00 due to the 2.3% state reduction in benefits.

12. The claimant had accurately reported her earnings and vacation pay for the week at issue and had no intent to mislead the Department in reporting her earnings.

Board's Decision, July 25, 2005, Findings of Fact Nos. 1–12 at 1–2; Reproduced Record (R.R.) at 78a–79a.

Claimant applied for unemployment compensation benefits (benefits) on January 23, 2005. The Lancaster UC Service Center determined that Claimant was eligible for partial benefits in the amount of $58.00 and assessed a non-fault overpayment of $346.00. Claimant appealed to the referee. Both Claimant and Employer with counsel appeared and testified at the referee's hearing. On May 5, 2005, the Referee determined that Claimant was eligible for partial benefits in the amount of $403.00 and assessed a non-fault overpayment of $1.00. Employer appealed to the Board and on July 25, 2005, the Board affirmed but modified the Referee's decision and concluded that Claimant was eligible for partial benefits in the amount of $247.00 and assessed a non-fault overpayment in the amount of $157.00. Claimant now petitions for review to this Court.[3]

On appeal, Claimant asserts that the Board erred when it deducted potential earnings from her partial benefit award rather than her vacation earnings, since she asked her Employer for permission to take a vacation day on February 19, 2005, and was approved and paid for the vacation day. The Board deducted $218.50 in potential earnings from Claimant's benefit award for February 19, 2005, rather than deducting the $52.00 she was actually paid for the vacation day. The Board relied upon 34 Pa.Code § 65.71 (Compensation for partial unemployment) which provides:

(a) In determining the amount of compensation to which an eligible claimant is entitled for a week of partial unemployment which has caused the claimant a loss of earnings, due either to lack of work or unavailability for work, the Bureau shall estimate the amount of earnings which the claimant would have earned had he been actually employed that week.

(b) Compensation for the week shall be made in an amount equal to the weekly benefit rate of the claimant, less the sum of the estimated amount of his earnings and his actual earnings for the week, to the extent that the payments are in excess of partial benefit credit of the claimant.

(c) **In estimating the amount of earnings which a claimant would have received for the hours during which he was unavailable for work the Bureau shall prorate his actual hourly earnings for the week,** unless some other method of estimation would be fairer and more reasonable. (emphasis added).

Based on the language in 34 Pa.Code § 65.71(c), the Board concluded that the

---

**3.** Our scope of review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact were supported by substantial evidence. *Renda v. Unemployment Compensation Board of Review*, 837 A.2d 685 (Pa.Cmwlth.2003).

potential earnings that the Claimant would have received, $218.50, had she worked on February 19, 2005, must be included in her earnings calculation for that week. Employer contends that the Board correctly deducted Claimant's potential earnings because she made herself unavailable for work by taking a vacation day. This Court disagrees.

Section 401 of the Law, 43 P.S. § 801, provides that compensation shall be payable to any employee who is or becomes unemployed. Section 4(u) of the Law, 43 P.S. § 753(u), provides:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Finally, Section 404(d)(1) of the Law, 43 P.S. § 804(d)(1), provides:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate **less the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit and (ii) vacation pay, if any, which is in excess of his partial benefit credit,** except when paid to an employe who is permanently or indefinitely separated from his employment. (emphasis added).

██ Initially, this Court notes that, upon review of the validity of an agency's interpretation of its own regulations, that interpretation controls unless erroneous or inconsistent with the regulation, or inconsistent with the statute under which the agency promulgated the regulation. *Centennial School District v. Commonwealth of Pennsylvania, Department of Education*, 94 Pa.Cmwlth. 530, 503 A.2d 1090 (1986), *aff'd*, 517 Pa. 540, 539 A.2d 785 (1988).

The Board's interpretation of its regulation, specifically 34 Pa.Code § 65.71, is inconsistent with statutory authority, specifically Section 404(d)(1) of the Law, 43 P.S. 804(d)(1). Section 404(d)(1) of the Law, 43 P.S. 804(d)(1), provides that remuneration paid or payable for services performed in excess of a claimant's partial benefit credit and vacation pay in excess of a claimant's partial benefit credit shall be deducted from the claimant's weekly benefit rate. The Board's interpretation ignores this statute and relies on its regulation to deduct the potential earnings Claimant would have received had she worked on February 19, 2005, not the vacation pay Claimant did receive for February 19, 2005. The Employer contends that the Claimant was unavailable for work and thus should be subject to deduction for her potential earnings.

██ This Court agrees that Claimant's potential earnings for February 19, 2005, would have been deducted from her compensation if she did not receive vacation pay for the day, but because she requested, was approved and was paid for a vacation day it is the vacation day earnings that should be deducted from the Claimant, not her potential earnings. Claimant's own testimony reveals that she requested use of her vacation days so she would not be penalized with deduction of potential earnings.

Claimant testified that as a banquet server she must be available to the employer seven days a week. Of those seven days, Claimant is permitted to request two days off. If however, work ends up being available on either of the two days Claimant requested off, Claimant is responsible for reporting those potential earnings to the unemployment officials because she is not receiving any remuneration or vacation pay when work is available. Notes of Testimony (N.T. 04/26/05), April 26, 2005, at 11; R.R. at 45a. Claimant was aware that work was available on February 19, 2005, but needed the day off to attend a wedding so she requested a vacation day which was afforded to her as a benefit of her employment. Claimant was under the impression that by using the vacation day and being paid for the vacation day, that the vacation pay was all she would be able to earn on that particular day. N.T. 04/26/05 at 13; R.R. at 47a. Claimant does not disagree that the vacation pay should be deducted from her compensation, but argues that she should not be required to report her potential earnings for that day because the Employer gave her permission for the vacation day.

Given the remedial nature of the unemployment compensation act, this Court must agree with the Claimant. If the Employer affords employees vacation days, and pays for those vacation days, it would be unfair to penalize those employees and require them to report potential earnings for a day that the Employer agreed they did not have to work. If Employer prevailed employees could never request a vacation day if work was available to them without being penalized because they would always be required to deduct their potential earnings for the day rather than the vacation pay employer actually paid them.

Section 404(d)(1) of the Law, 43 P.S. § 804(d)(1), is silent with regard to potential earnings and speaks only to remuneration paid or payable for services performed or paid for vacation. Because the Board's interpretation is inconsistent with the statutory language requiring deduction of vacation pay, rather than potential earnings for service that could have been performed, this Court accords the Board's interpretation and application of the Law and regulations no deference. Claimant is eligible for partial benefits for the compensable week ending February 19, 2005, under Sections 401, 4(u) and 404(d) of the Law. Accordingly, the Board's Decision is affirmed as modified as to the grant of benefits, and vacated and remanded for a calculation of eligible partial benefits and resulting non-fault overpayment, if any.

### *ORDER*

AND NOW, this 20th day of January, 2006, the decision of the Unemployment Compensation Board of Review is affirmed as modified as to the grant of benefits, and vacated and remanded for a calculation of eligible partial benefits, and resulting non-fault overpayment, if any.

Jurisdiction relinquished.