529 A.2d 1201

Bucks County Public Schools, Intermediate Unit No. 22 and Bensalem Township School District, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education and The Secretary of Education of the Commonwealth of Pennsylvania, Respondents.

Argued February 26, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Paul L. Stevens, Curtin and Heefner,* for petitioners.

*John A. Alzamora,* Assistant Counsel, with him, *Mary M. Rogers,* Chief Counsel, for respondents.

*Caryl Andrea Oberman,* for Amicus Curiae, Development Disabilities Law Project, Inc.

*Janet F. Stotland,* Education Law Center, Inc., for Amici Curiae, The Mental Health Association in Pennsylvania, The Developmental Disabilities Advocacy Network, and the Pennsylvania Society for Autistic Children and Adults.

OPINION BY JUDGE BARRY, August 17, 1987:

The Bucks County Public School Intermediate Unit No. 22 and the Bensalem Township School District (appellants) appeal an order of the Secretary of Education which reversed a decision of a hearing examiner and held that appellants were responsible to pay for costs of summer schooling of Alison P.

Alison P. was a student of the Bensalem Township School District. Prior to entering the seventh grade, she was a good student and a high achiever at the top of her class. During the 1982-83 school year, she began experiencing severe problems. She began undergoing weekly private therapy sessions. For the 1983-84 school year, she transferred to a different middle school and her grades improved.

During the summer of 1984, Alison was enrolled in an overnight camp for the first time. When she exhibited bizarre behavior at this camp, her parents brought her home and admitted her to the Philadelphia Child Guidance Clinic. She was diagnosed as suffering from adjustment disorder, partly because of interfamily relationships. Because her parents disagreed that family relationships were part of the problem, they removed her from the clinic and had her admitted to Friends Hospital. After evaluating Alison, the physicians at Friends Hospital recommended that Alison be placed in a treatment program in a residential school. Following discussions, the parents selected Devereux School. The placement at Devereux was approved by the school district, the intermediate unit and the Department of Education.

Following her placement at Devereux, Alison was diagnosed as being schizophrenic. An individualized educational program was developed for Alison. Although she performed satisfactorily in her academic fields, she had little progress in emotional and social areas. Alison

had serious problems readjusting after vacations spent at home and as a result, the authorities at Devereux requested in writing that the school district determine if she was eligible for the extended school year program so that she could live at Devereux during the summer. The school district determined that Alison was ineligible for the summer residential program. Her parents nonetheless enrolled her in the summer program.

The parents then initiated special education due process procedures to contest the district's determination that Alison was ineligible for summer schooling in a residential setting. Following two hearings, the hearing officer issued a proposed report which concluded that the district had been correct in determining Alison to be ineligible. This ruling was based on the fact that Alison's classroom performance had been satisfactory. On Appeal, the Secretary of Education reversed, reasoning that a child's emotional, behavioral and social problems must also be considered. Because Alison suffered constant regression following even short breaks in her educational program, the Secretary ordered the district to reimburse the parents for the cost of the summer program. Both the Intermediate Unit and the school district appealed.

Our review is limited to determining whether the necessary factual findings are supported by substantial evidence, whether constitutional rights have been violated or whether an error of law has been committed. *Estate of McGovern v. State Employees' Retirement System,* 512 Pa. 377, 517 A.2d 523 (1986). We held, in *Fitz v. Intermediate Unit No. 29,* 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979), that the Secretary of Education is not bound by factual findings of a hearing examiner. Appellants ask that we overrule *Fitz* and limit the Secretary's review to appellate review. We decline to do so; even if we were so inclined, however, this case

would not be the proper vehicle for such action because here the factual findings of both the hearing examiner and the Secretary are essentially the same. The hearing examiner recognized that Alison had behavioral, emotional and social problems relating to breaks away from Devereux. The hearing examiner chose to segregate Alison's problems into education and medical. Since her classroom performance was satisfactory, the examiner ruled that the medical problems were irrelevant to the question of eligibility for the extended school year program. Although not explicitly stating so, the Secretary's order is based on the premise that the hearing examiner committed an error of law in interpreting *Armstrong v. Kline,* 476 F. Supp. 583 (E.D. Pa. 1979, *modified and remanded sub nom., Battle v. Commonwealth,* 629 F.2d 269 (3rd Cir. 1980).

In *Armstrong,* plaintiffs consisted of a number of severely and profoundly impaired retarded students as well as severely emotionally disturbed students who alleged that Pennsylvania's inflexible rule of providing only 180 days of education to both handicapped and non-handicapped students violated their rights under the Education for All Handicapped Children Act of 1975, 20 U.S.C. §§1401-1420. The district court's decision was based on its factual findings that certain handicapped children, following breaks from the educational program, would regress to the point that progress was difficult to achieve in the educational program, which should be designed to lead to self-sufficiency. When speaking of regression in the severely emotionally disturbed children, the court recognized that "regression is not normally confined to a breakdown in [academic] skill level; often regression will occur in emotional development." 476 F. Supp. at 596. The court went on to find that this regression was caused by interruptions in the educational programming.

On appeal to the Court of Appeals, the Third Circuit held that the district court had erred in concluding that the federal Act provided a specific goal of self sufficiency for all handicapped children. The court recognized that the Commonwealth, through its departments and local agencies, was responsible for setting individual objectives which could differ from case to case. Nonetheless, the court stated:

> We believe the inflexibility of the defendants' policy of refusing to provide more than 180 days of education to be incompatible with the Act's emphasis on the individual. Rather than ascertaining the reasonable educational needs of each child in light of reasonable educational goals, and establishing a reasonable program to attain those goals, the 180 day rule imposes with rigid certainty a program restriction which may be wholly inappropriate to the child's educational objectives. This, the Act will not permit.

629 F.2d at 260.

In a remedial order which the district court reaffirmed after remand from the Court of Appeals, the district court stated:

> For purposes of this Order, a handicapped student shall be deemed to require an education program in excess of 180 days per year if he/she meets the following standard:

> A handicapped student is entitled to an educational program in excess of 180 days per year if regression caused by an interruption in educational programming, together with the student's limited recoupment capacity, renders it impossible or unlikely that the student will attain the level of self-sufficiency and independence from caretakers that the student would otherwise have expected to reach in view of his/her handicapping condition.

Appellants argue that Alison does not fit into this class, arguing that the district court did not distinguish between educational and medical needs. That assertion is belied by the above quoted portion of the district court's opinion which recognized that for emotionally disturbed children, their regression need not be in the academic area.

Finally appellants argue that there is no substantial evidence in the record to support the findings that Alison fits into the above described class. This argument is clearly without merit, for the record is replete with testimony from various doctors and educators that Alison does indeed fit into the exact class as described in remedial order # 2.

Affirmed.

ORDER

Now, August 17, 1987, the order of the Secretary of Education dated April 18, 1986 is affirmed.