538 A.2d 968

B. G. Balmer & Company, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Commissioner, Respondent.

Argued December 15, 1987, before President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Harvey Bartle, III, Dechert, Price & Rhoads,* for petitioner.

*James A. M. Zarrella,* Assistant Counsel, with him, *Terrance J. Fitzpatrick,* Chief of Litigation, and *Linda J. Wells,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 4, 1988:

B. G. Balmer & Company, Inc. (Balmer), appeals a Pennsylvania Insurance Commissioner's[1] (Commissioner) adjudication suspending its insurance business license for fifteen days, ordering it to cease and desist from unfair practices, and directing restitution pursuant to the Pennsylvania Unfair Insurance Practices Act (UIPA).[2] We affirm.[3]

The Insurance Department initiated an action against Balmer by filing an order to show cause,[4] alleg-

---

[1] The Insurance Commissioner at the time was George F. Grode.

[2] Act of July 22, 1974, P.L. 589, *as amended,* 40 P.S. §§1171.1—1171.15.

[3] In affirming, we note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or findings of fact are not supported by substantial evidence. *McDonnell v. Insurance Department,* 94 Pa. Commonwealth Ct. 381, 383, 503 A.2d 1042, 1043 (1986).

[4] An Order to Show Cause why the Commissioner should not suspend or revoke Balmer's insurance license was originally filed February 3, 1986.

ing that Balmer violated Section 4 and 5(a)(1)(i)[5] of the UIPA by charging a hidden fee to a corporate client, The Saunders House. The Commissioner denied Balmer's subsequent motion for summary judgment which alleged that the Department's action was time-barred under Section 5524(5) of the Judicial Code.[6] After a hearing, the Commissioner found that Balmer had charged Saunders House for risk management services which were neither contracted for nor received. The Commissioner concluded that the fee was listed as a premium in an effort to deceive Saunders House and imposed the aforementioned sanctions.

Balmer initially argues that the Insurance Department's enforcement proceeding is time-barred under Section 5524(5) of the Judicial Code. We disagree.

Section 5524(5) of the Judicial Code provides a two-year limitation for an action upon a statute for a civil penalty or forfeiture. Section 11 of the UIPA[7] authorizes only courts to impose civil penalties. Because the Commissioner was acting under his limited power to impose administrative penalties pursuant to Section 9 of the

---

[5] 40 P.S. §1171.4 and 40 P.S. §1171.5(a)(1)(i).

[6] 42 Pa. C. S. §5524(5) provides:

The following actions and proceedings must be commenced within two years:

. . . .

(5) An action upon a statute for a civil penalty or forfeiture.

[7] 40 P.S. §1171.11 provides:

In addition to any penalties imposed pursuant to this act, the *court* may, in an action filed by the Commissioner, impose . . . civil penalties. . . .

(Emphasis added.)

UIPA,[8] we hold that Balmer's reliance on Section 5524(5) of the Judicial Code is misplaced.[9]

Balmer next argues that there is no substantial evidence to support the Commissioner's findings that management services were never contracted for nor provided and that the fee was deliberately concealed.

The record reveals that conflicting evidence was presented to the Commissioner as to whether Saunders House was aware of the management fee. A Balmer representative testified that a valid oral contract existed,[10] while the comptroller stated that he could not recall such a conversation taking place.[11] Additionally, the record reflects that Balmer originally billed Saunders House for a premium[12] and merely renamed the charge an administrative fee after the comptroller's inquiry.[13]

---

[8] 40 P.S. §1171.9 provides:

**Administrative penalty**

Upon a determination by hearing that this act has been violated, the Commissioner may issue an order requiring the person to cease and desist from engaging in such violation or, if such violation is a method of competition, act or practice defined in section 5 of this act, the Commissioner may suspend or revoke the person's license.

[9] Balmer argues that if the two-year statute of limitations is inapplicable, the Department could wait indefinitely before instituting proceedings. This contention is without merit. Our Supreme Court has held that the affirmative defense of estoppel by laches is available against the Commonwealth in administrative enforcement proceedings. *See Kindle v. Commonwealth*, 512 Pa. 44, 515 A.2d 1342 (1986). This Court, while not applying the defense of laches, has recognized its availability in Insurance Department proceedings. *See Fumo v. Insurance Department*, 58 Pa. Commonwealth Ct. 392, 427 A.2d 1259 (1981).

[10] N.T., Insurance Commissioner's Hearing 3/22/86, pp. 65-72.

[11] *Id.* at 9-29.

[12] Insurance Department Exhibit # 1, Record, p. 156a.

[13] Insurance Department Exhibit # 5, Record, p. 162a.

The Commissioner's findings represent credibility determinations which, as a matter of administrative law, we cannot review on appeal. *Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 82 Pa. Commonwealth Ct. 390, 393, 476 A.2d 1377, 1379 (1984).

Finally, Balmer contends that the Commissioner's order suspending Balmer's license for fifteen days and directing restitution is an abuse of discretion. *Department of Environmental Resources v. Mill Service, Inc.*, 21 Pa. Commonwealth Ct. 642, 347 A.2d 503 (1975).

The Commissioner is empowered to suspend the license of a violator under Section 9 of the UIPA. Having found substantive support for the violation, we hold that a fifteen-day suspension is reasonable in light of the Commissioner's conclusion that Balmer's practices were "unfair and deceptive."[14]

In support of the restitution order, the Commissioner argues that although not expressly granted, restitutionary power is implied in the UIPA.

Section 8(e)[15] of the UIPA instructs the Commissioner to state "what *remedial action,* if any, is required of the person charged." (Emphasis added.) Additionally, the UIPA provides the Commissioner with equitable remedies. Section 9 authorizes the Commissioner to issue a cease and desist order while Section 10 of the UIPA[16] permits the Commissioner to seek an injunction if a cease and desist order is not complied with.

In *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa. Commonwealth Ct. 597, 529 A.2d 56 (1987), we interpreted

---

[14] Insurance Commissioner's Order and Adjudication, Conclusion of Law # 3, 12/1/86, p. 13.

[15] 40 P.S. §1171.8(e).

[16] 40 P.S. §1171.10.

Section 413 of The Pennsylvania Workmen's Compensation Act (Act)[17] as conferring remedial restitutionary powers upon the Board. While certain remedial powers were specifically granted in Section 413, the authority to order restitution was not mentioned.

Likewise, we believe that the Commissioner is not precluded from employing certain equitable principles in fashioning a remedy where, as here, Balmer's charging Saunders House a fee for services not provided resulted in unjust enrichment. In this case, because a violation of the UIPA resulted in unjust enrichment, restitution was an appropriate remedy within the Commissioner's power.[18]

Therefore, in light of the applicable statutory provisions, the Commissioner's order of restitution is not an abuse of discretion under the circumstances. We affirm the order of the Commissioner.

ORDER

The order of the Insurance Commissioner, No. P86-1-17 dated February 6, 1987, is affirmed.

_____

[17] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

[18] We do not believe, however, that restitution is broadly granted to every agency in every instance. As we stated in *Fahringer*:

> The doctrine of unjust enrichment is an equitable one; the Board, however, does not have its roots in equity. While we do not believe that this fact precludes the Board from employing certain equitable principles, its use of such principles must be restricted in light of its statutory constraints.

*Fahringer*, 107 Pa. Commonwealth Ct. at 603, 529 A.2d at 59.