561 A.2d 70

**John P. McDERMOND, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1989.

Decided July 3, 1989.

152

Michael P. Meehan, Meehan & Meehan, Philadelphia, for petitioner.

Victoria A. Reider, Asst. Counsel, Theodie L. Peterson, III, Chief of Litigation, Linda J. Wells, Chief Counsel, Ins. Dept., Harrisburg, for respondent.

Before DOYLE and SMITH, JJ. (P.), and KALISH, Senior Judge.

SMITH, Judge.

John P. McDermond (Petitioner) appeals from an order of the Insurance Commissioner revoking all insurance licenses held by Petitioner in the Commonwealth of Pennsylvania and assessing civil penalties for violations of the Unfair Insurance Practices Act (UIPA),[1] the Insurance Department Act,[2] and the Insurance Company Law of 1921.[3] This Court affirms the order of the Insurance Commissioner.

The issues on appeal are whether the findings of the Insurance Commissioner were supported by substantial evidence; whether the revocation and imposition of penalties of $7500 represents an abuse of discretion; whether the Insurance Commissioner improperly made credibility determinations when she had not been present at the administrative hearing; and whether the Insurance Commissioner's proceedings against Petitioner were barred by the two-year statute of limitations set forth at 42 Pa.C.S. § 5524(5) of the Judicial Code.

The Insurance Department filed an Order to Show Cause against Petitioner in December of 1986 and after hearing before a hearing examiner, the Insurance Commissioner issued her Order and Adjudication revoking Petitioner's licenses and assessing civil penalties of $7500. Hence this appeal.[4]

The Insurance Commissioner found that Petitioner had been a licensed insurance agent in Pennsylvania since 1979 and was employed as a subcontractor by the Investor Guaranty Life Insurance Company (IGL) in 1981 and 1982. During these two years, IGL marketed a modified term life insurance policy called the Liberty Plan Policy approved for sale in New Jersey but not in Pennsylvania. Petitioner sold

1. Act of July 22, 1974, P.L. 589, *as amended* 40 P.S. §§ 1171.1–1171.15.

2. Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§ 1–321.

3. Act of May 17, 1921, P.L. 682, *as amended,* 40 P.S. §§ 341–488.5.

4. This Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law committed, or whether findings of fact are supported by substantial evidence. *McDonnell v. Insurance Department,* 94 Pa.Commonwealth Ct. 381, 503 A.2d 1042 (1986).

eight of these policies to Pennsylvania residents between June of 1981 and May of 1982 falsely indicating on seven of the applications for policies that New Jersey was the place of sale when in fact the sales had taken place in Philadelphia, Pennsylvania in violation of Section 354 of the Insurance Company Law, 40 P.S. § 477b. Petitioner was also found to have represented that none of the eight applications for life insurance were to be replacements for already existing policies when in fact he knew that one of the applications was for a replacement policy, contrary to 31 Pa.Code §§ 81.4 and 81.7.

It was additionally found that Petitioner, in violation of Sections 4 and 5 of UIPA, 40 P.S. §§ 1171.4 and 1171.5, and Sections 637 and 638 of the Insurance Department Act, 40 P.S. §§ 277 and 278, had misrepresented the terms of the Liberty Plan Policy insofar as it related to loans against the policy causing all eight of the purchasers to erroneously believe that after two years they would be able to borrow against the face value of the policy (as opposed to the cash value) at a low rate of interest. Each purchaser testified that the insurance coverage was purchased in order to obtain its advantageous borrowing features.

Petitioner first argues that the Insurance Commissioner's findings of fact were not supported by substantial evidence. In determining whether substantial evidence exists, this Court must review and evaluate the relevant evidence relied on to determine if a reasonable person would consider it adequate to support the findings. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987). A review of the record reveals that testimony was received from all eight purchasers confirming many of the allegations contained in the Order to Show Cause, and Petitioner himself admitted to having violated Section 354 of the Insurance Company Law. This Court finds that substantial evidence does exist of record to support the Insurance Commissioner's findings of fact.

■ Petitioner next argues that it was error for the Insurance Commissioner to make credibility determinations when she had not been present at the evidentiary hearing. This Court recently dismissed a similar argument in *Bucks County Public Schools Intermediate Unit No. 22 v. Department of Education,* 108 Pa.Commonwealth Ct. 511, 529 A.2d 1201 (1987), *appeal denied,* 517 Pa. 624, 538 A.2d 877 (1988). In *Bucks,* appellants requested that this Court overrule *Fitz v. Intermediate Unit No. 29,* 43 Pa.Commonwealth Ct. 370, 403 A.2d 138 (1979), and hold that the secretary of an agency be bound by the factual findings of the hearing examiner and only be permitted to reverse if the hearing examiner has committed an error of law. This Court declined to overrule *Fitz,* and instead reaffirmed its holding that the agency head was free to make his or her own determination and findings absent a requirement that the agency head be bound by the decision of the hearing examiner. Petitioner has presented no evidence here to cause reconsideration of the holding in *Bucks.*[5]

■ Petitioner's argument that the Insurance Department's proceedings were barred by the two-year statute of limitations contained in Section 5524(5) of the Judicial Code similarly must fail. Petitioner correctly argues that Section 5524(5) provides a two-year limitation for actions upon a statute for civil penalty or forfeiture and that Section 11 of the UIPA authorizes only courts to impose civil penalties. The Insurance Commissioner herein, however, was acting pursuant to Section 9 of the UIPA which allows the agency to impose administrative penalties; thus Section 5524(5) is not applicable. *B.G. Balmer & Co. v. Insurance Commissioner,* 114 Pa.Commonwealth Ct. 239, 538 A.2d 968 (1988).

■ Finally, review of the record indicates that revocation of Petitioner's insurance licenses and the imposition of penalties totalling $7500 did not constitute an abuse of

5. As noted in *Fitz,* the Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 35.185, 35.187 and 35.205, clearly provide that the hearing examiner is only an appointed designee of the agency head who is responsible for determining final agency action.

discretion. The Insurance Commissioner is given broad discretion to determine penalties imposed under Section 639 of the Insurance Department Act, 40 P.S. § 279; *Novak v. Insurance Department,* 106 Pa.Commonwealth Ct. 232, 525 A.2d 1258 (1987). This Court therefore finds that insofar as the civil penalties were within the ranges authorized by law, they should be upheld. *Gelinas v. Insurance Department,* 27 Pa.Commonwealth Ct. 160, 365 A.2d 884 (1976).

The order of the Insurance Commissioner is affirmed.

## ORDER

AND NOW this 3rd day of July, 1989, the order of the Insurance Commissioner is affirmed.