581 A.2d 681

**PITTSBURGH BOARD OF EDUCATION, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Aug. 3, 1990.

Designated as Opinion to be Reported
Oct. 25, 1990.

Veleter M.B. Mazyck, Asst. Sol., Pittsburgh, for petitioner.

Eleanor L. Bush, Asst. Counsel, with her, Jeffrey F. Champagne, Chief Counsel, Harrisburg, for respondent.

Nancy A. Hubley, with her, Janet F. Stotland, Educ. Law Center, Inc., Pittsburgh, for intervenors, Stephen F, by and through Mary Zugell, his mother.

Before PALLADINO and McGINLEY (P.), JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Pittsburgh Board of Education (Board) appeals from an order of the Secretary of the Department of Education (Secretary) directing the Board to develop an individualized education program (IEP) for Stephen F. (Student).

Student is a nine-year-old boy who resides in the Pittsburgh School District and attends school there. Student is paralyzed from the chest down as a result of spina bifida. Prior to entering kindergarten, Student was evaluated by a multi-disciplinary team which recommended that he be placed in a program for the physically handicapped and that he receive physical and occupational therapy. No IEP was developed for Student. Student was classified as an exceptional child and he participated in a modified physical education class in addition to the regular physical education class. Student also received physical and occupational therapy.

In September, 1987, the Board terminated the physical and occupational therapy without notice to Student's parents.[1] Student's parents were subsequently notified of the Board's intent to reclassify Student from exceptional to nonexceptional. Student's mother rejected the intended change.

At the request of the Board, a due process hearing was held before a hearing officer, who found that Student was an exceptional child in need of special education and related services. He ordered the Board to prepare an IEP for

1. Physical and occupational therapy services were resumed in October, 1988.

Student to include one period of physical therapy and one period of occupational therapy per week.

Both parties filed exceptions with the Secretary to the hearing officer's decision. The Secretary entered an order finding Student to be an exceptional child in need of special education and related services. The Secretary ordered the Board to prepare an IEP for Student which included two periods of physical therapy a week and one period of occupational therapy a week. The Secretary also found that Student was entitled to compensatory physical and occupational therapy to compensate for the improper termination of those services from September, 1987 to October, 1988.[2]

On appeal to this court,[3] the Board contends that: (1) Student is not an exceptional child, (2) pertinent findings of fact are not supported by substantial evidence, and (3) Student is not entitled to compensatory physical and occupational therapy.

The term "exceptional children" as defined in Section 1371 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 13–1371, "shall mean children of school age who deviate from the average in physical, mental, emotional or social characteristics to such an extent that they require special educational facilities or services and shall include all children in detention homes." Both handicapped and gifted students are exceptional children. *Lisa H. v. State Board of Education,* 67 Pa.Commonwealth Ct. 350, 447 A.2d 669 (1982). Physically handicapped means "[o]rthopedic or other health impairments of

2. The compensatory physical and occupational therapy was ordered to be provided "during the summer months and/or on other occasions to be specified in [Student's] IEP." *In re the Educational Assignment of Stephen F.,* (Special Education No. 379) slip op. at 8.

3. In an appeal of the Secretary's order, our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Murphy v. Department of Education,* 74 Pa.Commonwealth Ct. 499, 460 A.2d 398 (1983).

sufficient magnitude to limit the classroom accommodation and educational performance." 22 Pa.Code § 341.1.

■ It is undisputed that Student is paralyzed from the chest down as a result of spina bifida. Student's paralysis limits his educational performance. Student is unable to perform activities in physical education which are required of other students. Student's physical education instructor must modify the instructions to Student to accommodate his impairment. Secretary's finding that Student is an exceptional child is supported by substantial evidence and, consequently, the Secretary did not err in making this finding.

An exceptional child is entitled to an appropriate program of education or training. 22 Pa.Code § 13.11(a). An "appropriate program" means "a program of education or training for exceptional school-aged persons which meets their individual needs as agreed to by a parent, school district or intermediate unit personnel; or as ordered by a hearing officer; or upon appeal, as ordered by the Secretary of Education." 22 Pa.Code § 13.1.

■ The Board contends that the Secretary's findings regarding Student's physical education needs are not supported by substantial evidence.[4] The Secretary found that Student's physical education program must be individualized to meet his unique needs: attaining basic physical education goals and developing self-help skills.[5] The Board notes that there is no evidence that Student is either failing physical education or is performing at an unacceptable level. Furthermore, the Board argues that the testimony of the physical and occupational therapists is not substantial

4. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kassouf v. Zoning Hearing Board of Scott Township,* 112 Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987).

5. 22 Pa.Code § 341.55 provides in pertinent part:
   (c) Life skills. Special education curricula shall be designed to stress general life skills and to maximize independence for those school-aged exceptional persons who differ to such an extent that their needs dictate curricular offerings different from those in regular education.

evidence to support the Secretary's findings that Student needs physical and occupational therapy as part of his appropriate education.

Suzanne Baker (Baker), a physical therapist, and Mary Grassi (Grassi), an occupational therapist testified that they had performed tests on Student and observed a physical education class. Both experts testified regarding Student's physical education needs and his need for physical and occupational therapy. In particular, Student's physical education program needs to emphasize increasing upper body strength, stretching exercises and balancing exercises. *In re the Educational Assignment of Stephen F.*, slip op. at 6. We conclude that the unequivocal testimony of Grassi and Baker is substantial evidence to support the Secretary's findings.

■ Finally, Board contends that Student is not entitled to compensatory physical or occupational therapy. We disagree. As previously noted, an exceptional student is entitled to an appropriate education. "[A] school district is not required to devise an educational program which makes the best use of each student's abilities, but only to identify exceptional children and develop educational programs appropriate to their particular needs." *Lisa H. v. State Board of Education*, 67 Pa.Commonwealth Ct. at 356–357, 447 A.2d at 673. The Board satisfies its obligations under the Code when it provides an appropriate program of education for a handicapped child. The Board failed to do this, when it stopped providing physical and occupational therapy from September, 1987 to October, 1988.

Accordingly, the order of the Secretary is affirmed.

## ORDER

AND NOW, August 3, 1990, the order of the Secretary of the Department of Education is affirmed.