604 A.2d 1209

Charles Brook BERGEY, Petitioner,

v.

Constance B. FOSTER, Insurance Commissioner of Commonwealth of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided March 4, 1992.

Anita F. Alberts, for petitioner.

Preston M. Buckman, Asst. Counsel, for respondent.

Before CRAIG, President Judge, COLINS, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

Charles Brook Bergey appeals an order of the Insurance Commissioner affirming the denial of Bergey's request for Catastrophic Loss Trust (CAT) Fund benefits by the Insurance Department's Bureau of Consumer Services. We affirm.

The general question presented is whether a vehicle owner injured in an automobile accident is required to have had his vehicle registered under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1798, at the time of the accident in order to receive CAT Fund benefits.

The facts as found by the Insurance Commissioner are as follows. On June 1, 1988, Bergey received a bill from the Pennsylvania Department of Transportation (PennDOT) for the CAT Fund fee due on his vehicle. On August 31, 1988, Bergey's vehicle registration expired. On November 5, 1988, Bergey was involved in an accident while driving his vehicle. As a result of the accident, Bergey was rendered a paraplegic.

On November 28, 1988, more than three weeks after his accident, Bergey paid his CAT Fund fee. On December 9, 1988, almost five weeks after the accident, Bergey's father paid PennDOT for his son's vehicle registration and, on December 13, 1988, PennDOT renewed Bergey's registration.

Bergey applied for CAT Fund benefits. In September, 1990, the Insurance Department's Bureau of Consumer Services denied Bergey's application. The Insurance Com-

missioner affirmed the Bureau's decision and Bergey appealed to this court.

Bergey argues that (1) the commissioner did not base her decision on any administrative rule, regulation, policy or procedure and (2) the commissioner's decision contravenes the applicable statutory language and policy. He contends that he was only required to have his vehicle properly insured on the date of the accident in order to obtain CAT Fund benefits and that, by denying him those benefits, the commissioner has imposed a special administrative penalty for late payment of the CAT Fund fee.

The Motor Vehicle Financial Responsibility Law (Law) became effective on October 1, 1984. Subchapter F of the Law, 75 Pa.C.S. §§ 1761–1769, dealt specifically with the CAT Fund.[1] Section 1766 of the Law, 75 Pa.C.S. § 1766, provided that the CAT Fund would be the primary source for paying reasonable and necessary medical expenses and rehabilitative services arising out of the maintenance or use of a motor vehicle that exceeded $100,000, up to a lifetime maximum for an eligible claimant of $1,000,000.

On the date of Bergey's accident, section 1761, 75 Pa.C.S. 1761, defined an "ineligible claimant" as

(1) [a] person who is the owner of a motor vehicle *who has not complied with the registration requirements of Chapter 13* (relating to the registration of vehicles).

(Emphasis added.)

Section 1762 of the Law, 75 Pa.C.S. § 1762, required all registrants of motor vehicles to pay a five dollar charge at the time the vehicle was registered. *See, e.g., Employee Benefit Plan of Harleysville Mutual Insurance Co. v. Grode,* 112 Pa.Commonwealth Ct. 470, 535 A.2d 739 (1988).

According to section 1306(7) of Chapter 13 of the Vehicle Code, 75 Pa.C.S. § 1306(7):

---

**1.** Although Subchapter F was repealed by the Act of December 12, 1988, its provisions were in effect on the date of Bergey's accident and are applicable in this case.

> The department shall refuse registration or renewal or transfer of registration [if]:
>
> . . . .
>
> (7) The Catastrophic Loss Trust Fund charge has not been paid.

Furthermore, to enforce payment of the charge, section 1763 of the Law, 75 Pa.C.S. § 1763, directed PennDOT to refuse registration, renewal or transfer of registration of any motor vehicle to which the charge attached until the registrant provided proof that the charge had been paid.

Bergey argues that he was not required under the Law to have his vehicle registered and his CAT Fund fee paid at the time of his accident in order to recover the benefits because PennDOT has a policy permitting late registration and because the Law did not specifically provide for denial of CAT Fund benefits for late registration or non-payment of CAT Fund fees. We disagree.

According to Bergey, PennDOT has a departmental policy whereby it does not change the date of a vehicle's yearly registration expiration if the vehicle owner renews the registration within sixty days of its expiration date. Thus, Bergey argues that late registration within the sixty-day limit effects a retroactive registration date. For example, if a vehicle's registration runs from August 1, 1991 to July 31, 1992, but the owner does not renew the registration until September 15, 1992 (forty-five days after the expiration date), the new registration nevertheless will run from August 1, 1992, through July 31, 1993. Bergey argues that, in that case, the vehicle would be registered from August 1, 1992 until July 31, 1993.

■ However, that departmental policy has no application in this case because Bergey's registration was not renewed within sixty days after it expired. He did not renew it until December 13, 1989, more than *three months* after its expiration. Hence, he was an "ineligible claimant" under 75 Pa.C.S. § 1761.

Nevertheless, Bergey argues that he is entitled to CAT Fund benefits because he had maintained insurance coverage on his vehicle and the Law does not specifically provide for denial of benefits for non-registration or non-payment of fees. However, as discussed above, section 1761 specifically provided that a person who did not register a vehicle is ineligible for benefits, and section 1306(7) provided that a vehicle could not be registered until CAT Fund fees were paid.

■ This court must construe the words of a statute according to their plain meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Commonwealth v. Mumma,* 489 Pa. 547, 414 A.2d 1026 (1980). Under the clear meaning of the applicable statutes, Bergey is ineligible to receive CAT Fund benefits because he had failed to register his vehicle or pay his CAT Fund fee.

Bergey also argues that he received prior approval for CAT Fund benefits before the Bureau sent him a notice of denial.

According to Bergey, Nora Delpaine, a claim representative with Pennsylvania Insurance Management Company (PIMCO), which was managing Bergey's CAT Fund claim, informed his pharmacist in July or August, 1989, that he was eligible for CAT fund benefits. However, Mrs. Delpaine testified on April 10, 1990, that she "would never (have) made those statements." (R.R. 71.)

■ The insurance commissioner can make factual findings and credibility determinations even though she was not present at the evidentiary hearing. *McDermond v. Foster,* 127 Pa.Commonwealth Ct. 151, 561 A.2d 70 (1989). In this case, the commissioner determined that neither Mrs. Delpaine or David Stoner, a PIMCO claims representative subsequently assigned to Bergey's claim, informed Bergey or his parents that Bergey was entitled to CAT Fund benefits.

Furthermore, in a letter dated July 7, 1989, PIMCO informed Bergey's father that any renovations he made to his home to accommodate his son were "without [PIMCO's] recommendation or CAT Fund approval" (R.R. 219) and that PIMCO's request for additional information on the renovations was "in no way ... a commitment to funding of the modifications." (R.R. 220.)

In addition, on April 10, 1990, David Stoner testified that there had been no determination as to Bergey's eligibility until he was denied benefits in November, 1989. (R.R. 149–150.)

Finally, Bergey argues that the commissioner erred in refusing to award him counsel fees under section 1716 of the Law, 75 Pa.C.S. § 1716. Section 1716 provides that

[i]n the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

■ Of course, because the commissioner properly denied benefits, this court need not address this issue. However, we agree with the commissioner that section 1716 does not apply in disputes involving the CAT Fund.

Section 1716 is part of Subchapter B of the Law, which only relates to First Party Benefits. It is not part of former Subchapter F, which related to the CAT Fund.

Accordingly, the decision of the insurance commissioner is affirmed.

## ORDER

Now, March 4, 1992, the Order and Adjudication of the Insurance Commissioner dated March 13, 1991, at No. CF90-06, is affirmed.