the decision of the Zoning Hearing Board dated August 21, 1991.

Jurisdiction relinquished.

**Monique ELLIS, Petitioner,**

v.

**CHESTER UPLAND SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1994.

Decided Dec. 7, 1994.

---

John W. Nails, for petitioner.

David C. Corujo, for respondent.

Before DOYLE, McGINLEY, JJ., and DELLA PORTA, Senior Judge.

McGINLEY, Judge.

Monique Ellis (Monique) appeals from an order of the Special Education Due Process Review Panel (Panel) denying Monique's exceptions to a decision of a Special Education Hearing Officer (Hearing Officer) which denied her request for tuition reimbursement and transportation. We affirm.

This action originated when Monique was seven years old and a second-grade student. At that time Monique resided, but was not an enrolled student, in the Chester–Upland School District (District). Instead, during 1992–93, Monique attended the Holy Ghost Catholic School as a first grader. After receiving complaints from Monique's teacher regarding Monique's classroom behavior, her mother, Maxine Brown (Ms. Brown) obtained an independent educational evaluation of Monique and discovered that Monique is a gifted student.

During August of 1993, Ms. Brown had Monique tested and applied to various private schools. Tower Hill School, a private program in Delaware for gifted students accepted Monique and granted her a scholarship for ninety-one percent of the tuition, leaving a balance of $695.00. Ms. Brown then approached the District requesting reimbursement of the tuition balance of $695.00 and transportation to Delaware for Monique.

The District notified Ms. Brown that it refused to consider paying Monique's tuition or provide her with transportation unless a referral was made for out of district placement and the referral was state approved for tuition reimbursement. They informed Ms. Brown that the first step in obtaining an out of district placement is to have the District arrange for a multidisciplinary evaluation (MDE) of the student. An MDE was con-

ducted by the District's school psychologist without the participation of Ms. Brown or Monique's classroom teacher. The MDE report concluded that Monique was a gifted student and would benefit from a gifted program.

On September 16, 1993, the District's school psychologist met with Ms. Brown, her attorney, and the principal from Holy Ghost Catholic School in order to develop an individualized education program (IEP) for Monique. The school psychologist presented a notice of recommended assignment (NORA) for an itinerant support gifted program at Columbus Elementary School. Ms. Brown signed the NORA as "disapproved" and requested a due process hearing pursuant to Department of Education Regulations (regulations), 22 Pa.Code § 14.64(a). After it was determined that no one on the team had the requisite expertise to prepare a gifted IEP, the team adjourned and delegated the task of drafting the IEP to Ms. Brown in consultation with Tower Hill personnel. Ms. Brown prepared an IEP based on the program Tower Hill offered and the team agreed to attach Ms. Brown's IEP to a cover sheet which listed the level of service as "part time itinerant/support". The cover sheet was signed by the school psychologist, Ms. Brown, and the principal of Holy Ghost Catholic School.

A due process hearing was held on November 29, 1993, and December 30, 1993. The hearing officer determined that: (1) the District had adhered to the required procedural safeguards; (2) the District had offered an appropriate program and placement; and (3) Monique was not entitled to tuition reimbursement and transportation. On February 7, 1994, Ms. Brown filed exceptions to the Hearing Officers determination with the Panel.[1]

On February 27, 1994, the Panel affirmed the Hearing Officer's determination that Monique was not entitled to tuition reimbursement or transportation. The Panel, unlike the Hearing Officer, found that the District had committed procedural violations but held that they constituted harmless error and did not render the IEP inappropriate.

On appeal[2] Monique contends that she is entitled to receive tuition reimbursement and transportation to Tower Hill School as well as attorney's fees expended in this case. Specifically, Monique argues that the procedural errors committed by the District in the preparation of the IEP and the placement of Monique should not be considered harmless, and that the program offered by the District was not an appropriate program to meet the needs set forth in her IEP.

The District contends that the Panel correctly determined that the procedural violations committed by the District constitute harmless error. In addition, the District contends that the program set forth in the IEP can be delivered to Monique in the gifted program operated by the District. Finally, the District maintains that even if the District's program was insufficient to conform to the IEP, as a gifted student Monique is not entitled to education at an out-of-state private school.

Monique's first contention is that the procedural errors committed by the District in the preparation of the IEP and the placement of Monique must not be considered harmless. The Panel found that the following violations were committed by the District:

-failure to include the parent and the regular classroom teacher in the multidisciplinary team for the MDE.

-failure to include on the IEP team an LEA representative qualified to provide or

---

1. Ms. Brown's exceptions focused on two factual findings made by the Hearing Officer. Finding of Fact No. 2 that there is a stipulation that the IEP was appropriate, and Finding of Fact No. 5 that the District's teacher of gifted education is capable of implementing the IEP. Decision of the Hearing Officer, January 21, 1994, (Hearing Officer's Decision 1/21/94) at 1; Reproduced Record (R.R.) at 185a.

2. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or findings of fact are not supported by substantial evidence. *Scott S. v. Department of Education*, 99 Pa.Commonwealth Ct. 57, 60 n. 1, 512 A.2d 790, 792 n. 1 (1986), (citing *Centennial School District v. Department of Education*, 94 Pa.Commonwealth Ct. 530, 503 A.2d 1090 (1986), *affirmed* 517 Pa. 540, 539 A.2d 785 (1988)).

supervise special education and a regular education teacher of the child's grade level.

-preparing and presenting the NORA before the IEP was (even close to being) completed.

Special Education Opinion, February 27, 1994, at 9.

■ The Panel found that because the IEP was prepared in its entirety by Ms. Brown, and because the recommended placement was consistently adhered to after the IEP was completed, the procedural violations committed were not prejudicial to Ms. Brown as Monique's parent. We agree and affirm the Panel's determination that the procedural violations constitute harmless error and did not render the IEP inapplicable.

Monique next contends that the program recommended by the District is not an appropriate program to meet the needs set forth in her IEP. A gifted child is an "exceptional student" as defined in 22 Pa.Code § 14.1. Pursuant to 22 Pa.Code § 14.25(k) Monique, as an "exceptional student", is entitled to "special education". "Special education" is defined in 22 Pa.Code § 14.1 as specially designed instruction to meet the needs of an exceptional student. An IEP team shall be appointed to make a determination as to whether a student is exceptional and if so, to make a recommendation of educational placement. 22 Pa.Code § 14.32. Where, as in the present matter, the parents and a school district cannot agree as to what program is appropriate for a gifted student, the regulations provide that such determination shall be made by an impartial hearing officer and may be appealed to a panel of three appellate hearing officers. 22 Pa.Code § 14.64.

■ An "appropriate program" is defined in 22 Pa.Code § 14.1 as:

Special education and related services or early intervention which are:

(i) Provided at no cost to the parents.

(ii) Provided under the authority of a school entity, directly, by referral or by contract.

(iii) Provided by an agency.

(iv) Individualized to meet the educational or early intervention needs of the student.

(v) Reasonably calculated to yield meaningful educational or early intervention benefit and student or child progress.

(vi) Provided in conformity with an IEP.

(vii) In conformity with applicable Federal requirements, including Part B of the Education of the Handicapped Act, (as amended, 20 U.S.C.A. §§ 1411–1420), 34 CFR Part 300 (relating to assistance to states for education of handicapped children), this chapter and Chapter 342 (relating to special education services and programs).

The Pennsylvania Supreme Court has held that "[t]he instruction to be offered need not 'maximize' the student's ability to benefit from an individualized program." *Centennial School District v. Department of Education*, 517 Pa. 540, 551, 539 A.2d 785, 791 (1988). Further, the Supreme Court stated:

The rule which we extrapolate ... is that a school district may not be required to become a Harvard or a Princeton to all who have IQ's over 130. We agree that "gifted" students are entitled to special programs as a group to bring their talents to as complete a fruition as our facilities allow. *We do not, however, construe the legislation as authorizing individual programs outside or beyond the district's existing, regular and special education curricular offerings.* (Emphasis added).

*Id.* at 552–53, 539 A.2d at 791.

Monique contends that the program offered by the District is not an "appropriate program" because it fails to meet the requirements of subsections (iv) and (vi) as found in the definition of an appropriate program. In concluding that the program offered by the District was an appropriate program for Monique, the Hearing Officer relied on the following: (1) that no evidence was presented to support Ms. Brown's contention that Monique required a full-time program; (2) that the IEP was prepared by Ms. Brown; (3) that the elementary gifted

teacher testified that she can implement the IEP; (4) that no preponderant evidence was offered to prove that the District did not have the capacity to provide Monique an appropriate placement; and (5) that no compelling evidence was presented to support the contention that the goals in Monique's IEP could not be competently and adequately addressed by the District. Hearing Officer's Decision, 1/21/94, at 4–5; R.R. at 188a–189a.

■ We conclude that the evidence, or lack thereof, substantially supports the Hearing Officer's determination that the program offered by the District was appropriate to meet the needs of Monique as set forth in the IEP, and that the Panel did not commit an error of law by affirming such determination. Furthermore, because of our determination that the District offered an appropriate program we must affirm the Panel's denial of Monique's request for tuition reimbursement and transportation.

■ The Panel's determination that Monique is not entitled to tuition reimbursement and transportation to Tower Hill is further supported by the District's contention that even if the program offered was not an appropriate one, Pennsylvania state law does not entitle a gifted student to private school placement or out-of-state placement. Exceptional students, which by definition includes gifted students, are entitled to special education. 22 Pa.Code § 14.25(k). Special education is defined in 22 Pa.Code § 14.1 as:

> Specially designed instruction to meet the needs of an exceptional student including specially designed instruction that is the following:

(i) Conducted in the classroom, in the home, in community settings, in hospitals, in institutions and in other settings.

(ii) Provided in an instructional or skill area, including physical education, speech and vocational education.

Nowhere in the definition is the right to private school placement or out-of-state placement mentioned. Private school placement is governed by 22 Pa.Code § 14.43 which authorizes the placement of *eligible* students in private schools. Because an exceptional student does not fall under the definition of an eligible student,[3] Section 14.43 does not authorize placement in a private school for an exceptional/gifted student.

■ Out-of-state placements are governed by 22 Pa.Code § 14.44 which is even more stringent, limiting placement in out-of-state schools to "certain students with severe disabilities".[4] Thus, because Monique is not suffering from a severe disability, Section 14.44 does not afford her the right to tuition reimbursement and transportation to a Delaware school.

For the foregoing reasons, we conclude that the Panel did not commit an error by affirming the Hearing Officer's denial of Monique's request for tuition reimbursement and transportation. Accordingly, we affirm the order of the Panel and deny Monique's request for attorney's fees.

## ORDER

AND NOW, to wit, this 7th day of December, 1994, the order of the Special Education Due Process Appeal Review Panel, at No. 619 and dated February 27, 1994, is affirmed

3. An eligible student is defined in 22 Pa.Code § 14.1 as:

An individual of school age who was receiving special education and related services as *a handicapped* school-aged person ... or an individual of school age who meets the criteria in paragraphs (i) and (ii).

(i) The individual has one or more of the following physical or mental disabilities, as set forth in Chapter 342:

(A) Autism/pervasive developmental disorder.
(B) Serious emotional disturbance.
(C) Neurological impairment.
(D) Deafness/hearing impairment.
(E) Specific learning disability.

(F) Mental retardation.
(G) Multihandicap.
(H) Other health impairment.
(I) Physical disability.
(J) Speech and language impairment.
(K) Blindness/visual impairment.

(ii) The individual is determined by an IEP team, based upon recommendations in a multidisciplinary evaluation, to need special education. (Emphasis added).

4. 22 Pa.Code § 14.44, having been amended January 7, 1994, effective January 8, 1994, 24 Pa.B. 144, now authorizes out-of-state placements for "eligible" students and eligible young children.

and Monique Ellis' request for attorney's fees is denied.